01

02

03

04

05

06                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                  AT SEATTLE

08  STANKIC STJEPAN JOHN,                    )
                                             )   CASE NO. C09-1280-JLR
09          Petitioner,                      )
                                             )
10          v.                               )   SUPPLEMENTAL REPORT AND
                                             )   RECOMMENDATION
11  A. NEIL CLARK, Field Office Director, U.S. )
    Immigration and Customs Enforcement,     )
12                                           )
            Respondent.                      )
13  _____ )

14          Petitioner is a native and citizen of Croatia who is currently detained by the U.S.

15  Immigration and Customs Enforcement ("ICE").  On November 5, 2009, petitioner filed a

16  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenged the

17  lawfulness of his detention without bond.  (Dkt. 7.)   He argued that he was entitled to a bond

18  hearing before an Immigration Judge pursuant to *Casas-Castrillon v. Dep't. of Homeland Sec.*,

19  535 F.3d 942 (9th Cir. 2008).  (Dkt. No. 19.)   Respondent moved to dismiss the habeas

20  petition, arguing that petitioner was lawfully detained without bond pursuant to the mandatory

21  detention provision under Section 236(c) of the Immigration and Nationality Act ("INA")

22  because the Board of Immigration Appeals ("BIA") had not yet issued a final order.  (Dkt. 12.)

SUPPLEMENTAL REPORT AND RECOMMENDATION
PAGE -1

01  However, on March 18, 2010, the BIA dismissed petitioner's appeal, and on March 29, 2010,

02  petitioner filed a Ninth Circuit Petition for Review, resulting in a temporary stay of removal.

03  *See John v. Holder*, No. 10-70970 (9th Cir. 2010).

04          As a result, on April 15, 2010, the undersigned Magistrate Judge issued a Report and

05  Recommendation ("R&R") concluding that petitioner was no longer subject to mandatory

06  detention and was entitled to an individualized bond hearing under INA § 236(a) before an

07  Immigration Judge with the power to grant him bail, unless the government establishes that he

08  is a flight risk or will be a danger to the community.  *See Casas-Castrillon,* 535 F.3d at 948

09  (holding that once proceedings before the BIA are completed, the authority to detain criminal

10  aliens shifts from INA § 236(c) to INA § 236(a)).   (Dkt. 21.)

11          However, on April 14, 2010, one day before the R&R was issued, petitioner was given a

12  bond hearing before an Immigration Judge who granted petitioner release under a bond of

13  $30,000.  (Dkt. 22, Ex. A.)   Respondent asserts in his objections to the R&R that because

14  petitioner received a bond hearing before an Immigration Judge, the requirements of due

15  process have been met and there is no other relief that the Court can provide.  *See*

16  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)(holding the requirements of due

17  process are satisfied once the alien receives a bond hearing from a neutral adjudicator).

18  Accordingly, respondent argues that the habeas petition is now moot and should be dismissed.

19  The Court agrees with the respondent that petitioner's habeas petition is moot and should be

20  dismissed.

21          For a federal court to have jurisdiction, "an actual controversy must exist at all stages of

22  the litigation."  *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir.

SUPPLEMENTAL REPORT AND RECOMMENDATION
PAGE -2

01   2002).   "When a controversy no longer exists, the case is moot."   *Id*.   Because petitioner was

02   provided an individualized bond hearing under INA § 236(a) before an Immigration Judge with

03   the power to grant him bail, the Court finds that petitioner's request for a bond hearing should

04   be dismissed as moot.   *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)

05   (holding that the District Court properly dismissed plaintiff's claims that had become either

06   moot or unripe).   Accordingly, I recommend that respondent's motion to dismiss be granted,

07   and that this action be dismissed as moot.   A proposed Order accompanies this Report and

08   Recommendation.

09       DATED this 21st day of July, 2010.

10

11                 Mary Alice Theiler
                      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

SUPPLEMENTAL REPORT AND RECOMMENDATION
PAGE -3